IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02528-PAB-MEH

KENNETH CAMPBELL,

    Plaintiff,

v.

USAA AUTO INJURY SOLUTIONS,

    Defendant.

## ORDER OF DISMISSAL

This matter is before the Court on plaintiff's response [Docket No. 17] to the Court's February 9, 2012 Order to Show Cause [Docket No. 16].[1]  The Court ordered plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  In plaintiff's amended complaint [Docket No. 4], plaintiff alleges that this Court may exercise diversity jurisdiction over this case.  Section 1332(a)(1) of Title 28 of the United States Code states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

The Court has an independent obligation, in every case and at every stage of the proceeding, to satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *Citizens Concerned for Separation of Church & State v. City & County of*

---

[1] In light of plaintiff's pro se status, the Court must review his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

Plaintiff, a citizen of Colorado, has sued USAA Auto Injury Solutions, without any reference to its corporate form.  As the Court noted in the Order to Show Cause, the Tenth Circuit has concluded that the entity United Services Automobile Association ("USAA") is "considered a citizen 'of each and every state in which [it] has members.'" *Tuck v. United Services Automobile Ass'n*, 859 F.2d 842, 845 (10th Cir. 1988) (quoting *Baer v. United Services Automobile Ass'n*, 503 F.2d 393, 395 (2d Cir. 1974) (alteration in *Tuck*); *see Silvi-Rodriquez v. United Services Auto. Ass'n*, No 09-cv-00603-JLK-KLM, 2009 WL 1765753 (D. Colo. June 18, 2009); *see also Cady v. American Family Ins. Co.*, 771 F. Supp. 2d 1129, 1131 (D. Ariz. 2011) ("This court sees no reason to stray from the clear trend of circuit precedent and earlier decisions of this district.  Because USAA is an unincorporated association with members in all fifty states, it is considered a citizen of all fifty states.").[2]

In his response to the Order to Show Cause, plaintiff contends that he "is not suing United Services Automobile Association."  Docket No. 17 at 1.  Rather, plaintiff contends that he included "USAA" as a "courtesy to the defendant . . . . in much the same way that the characters 'USAA' are used by Auto Injury Solutions to route incoming mail[] in the return address that Auto Injury Solutions provides with its mail to

---

[2]*See Cady*, 771 F. Supp. 2d at 1131 ("USAA is a reciprocal insurance exchange. A reciprocal insurance exchange, 'in its pure form . . . is a web of contractual relationships between subscribers who agree to insure one another, consummated through a common agent with power of attorney.'") (footnote and citation omitted).

2

the plaintiff." Docket No. 17 at 1. The Court does not fully understand what plaintiff means in this regard, but notes that the materials plaintiff supplies indicate that "USAA" appears in defendant's name because defendant is a part of United Services Automobile Association. See Docket No. 4 (Ex. A to Amend. Compl.) at 9 (letter to plaintiff from defendant signed by an employee of the United Services Automobile Association). In his response, plaintiff also provides information gleaned from public records of the Corporations Division of the Commonwealth of Massachusetts regarding the possible citizenship of an entity called "Auto Injury Solutions." See Docket No. 17 at 1. A review of those public records, of which the Court takes judicial notice,[3] indicates that plaintiff is referring to "Auto Injury Solutions, Inc.," which is not a party in this case.

It still appears that defendant is a citizen of all fifty states and, therefore, would share Colorado citizenship with plaintiff. Even if the Court assumes that the defendant is not United Services Automobile Association, plaintiff has the burden of showing that the parties are diverse. See Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1224 (10th Cir. 2004) ("The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."). Plaintiff fails to show where defendant is incorporated and has its principal place of business. Thus, plaintiff has failed to show cause why this case should not be dismissed for lack of subject matter

---

[3] See Fed. R. Evid. 201(b); see also Llewellyn v. Allstate Home Loans, Inc., No. 08-cv-00179-WJM-KLM, 2011 WL 2533572, at *1 & n.2 (D. Colo. June 27, 2011) (taking judicial notice of records found on the Colorado Secretary of State's website) (citing Allen v. United Props. & Constr., Inc., No. 07-cv-00214-LTB-CBS, 2008 WL 4748511 (D. Colo. Oct. 28, 2008); Circuito Cerrado Inc. v. La Camisa Negra Rest. & Bar Corp., 2011 WL 1131113, at *2 (E.D.N.Y. Mar. 7, 2011); Trent v. Ohio Nat'l Life Ins. Co., 2010 WL 4385496, at *3 (S.D. Ill. Oct. 28, 2010)).

jurisdiction.  Therefore, it is

      **ORDERED** that this case is dismissed without prejudice for lack of subject matter jurisdiction.

      DATED February 21, 2012.

                                      BY THE COURT:

                                      s/Philip A. Brimmer
                                      PHILIP A. BRIMMER
                                      United States District Judge